UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDELKARIM TOUQAN, a/k/a KARIM
TOUQAN,

        Plaintiff,

  v.                                         Case No. 2:11-cv-10708
                                                  Honorable Julian Abele Cook, Jr.

METROPOLITAN LIFE INSURANCE COMPANY
and WALGREEN INCOME PROTECTION PLAN
FOR STORE MANAGERS,

        Defendants.

ORDER

In this civil action, the Plaintiff, Abdelkarim Touqan, has challenged the decision made by the Defendants, Metropolitan Life Insurance Co. ("MetLife") and the Walgreen Income Protection Plan for Store Managers, to cease providing benefits to him under a long term disability plan. The Defendants assert that the complaint should be dismissed because it was filed more than three years after Touqan was required to submit proof of disability, in violation of the parties' contractual agreement. For the reasons that follow, the Defendants' motion to dismiss is granted.

I.

Touqan was employed as a store manager for Walgreen Co. until November 2004. As an employee of Walgreen, he was eligible to participate in the Walgreen Income Protection Plan for Store Managers ("Plan"), an employee benefit plan maintained pursuant to the Employee

1

Retirement Income Security Act of 1974 ("ERISA"). The Plan provides long term disability benefits to injured Walgreen employees through an insurance policy that had been purchased by Walgreen from MetLife.

Touqan suffered from a variety of medical issues which prevented him from performing the duties required of a store manager. (Am. Compl. ¶¶ 11-13). In June 2005, he applied for, and subsequently received, long term disability benefits, with an effective date of May 4, 2005. These benefits continued until September 26, 2007, whereupon MetLife determined that Touqan had become capable of gainful employment in some positions it deemed suitable for his condition, and denied benefits accordingly. On November 4, 2007, he appealed this decision. MetLife reviewed this finding and, on February 22, 2008, again informed him that he was not eligible for long term disability benefits. All parties recognize this as the final determination as to benefits. (Pl.'s Resp. Br. at 1). On February 22, 2011, Touqan filed this action for recovery of benefits and breach of fiduciary duty.

II.

Touqan initiated this civil action on the basis of § 501(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B) (authorizing civil action by participant or beneficiary of ERISA-governed plan to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan"). In *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 155 (1989), the Supreme Court held that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."

Discretionary authority of this sort is to be evaluated under an arbitrary and capricious standard of review. *Evans v. UnumProvident Corp.*, 434 F.3d 866, 875 (6th Cir. 2006). "The arbitrary and capricious standard 'is the least demanding form of judicial review of administrative action. . . . When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious.'" *Hunter v. Life Ins. Co. of N. Am.*, 437 F. App'x 372, 376 (6th Cir. 2011) (unpublished) (quoting *Killian v. Healthsource Provident Adm'rs, Inc.*, 152 F.3d 514, 520 (6th Cir. 1998)).

The Plan states that MetLife has "discretionary authority to interpret the terms, conditions, and provisions of the entire contract." (Admin. Rec. 3). Thus, the arbitrary and capricious standard applies. *See Schwalm v. Guardian Life Ins. Co. of Am.*, 626 F.3d 299, 308 (6th Cir. 2010).

### III.

The Defendants claim that the complaint was filed beyond the contractual limitations period and is thus barred. Specifically, they argue that (1) Touqan was obligated under the terms of the Plan to commence litigation within a period of 3 years and 270 days of his first day of disability,[1] (2) this limitation period is reasonable, and (3) this action is thus untimely. (Defs.' Reply Br. at 1).

Because ERISA establishes no statute of limitations for benefits claims, courts generally adopt the most analogous state statute of limitations. *See Rice v. Jefferson Pilot Fin. Ins. Co.*,

---

[1] This timeline results from the combination of plan provisions that (1) allow long term disability benefits to be paid after the expiration of the "Elimination Period," which is the 180-day period commencing with the first day of disability (Admin. Rec. 10); (2) require "Proof of Disability" to be provided within three months of the end of the elimination period (Admin. Rec. 24); and (3) provide that no legal action may be brought more than three years after the date that proof of disability is required (Admin. Rec. 25).

578 F.3d 450, 454 (6th Cir. 2009). However, the statutory limitations period is displaced if the parties to an ERISA-governed plan contractually establish a limitations period for lawsuits, so long as the limitation is reasonable. *See, e.g.*, *id.*; *Med. Mut. of Ohio v. k. Amalia Enters.*, 548 F.3d 383, 390 (6th Cir. 2008). Touqan has not argued that a three-year limitation is, in general, unreasonable, and courts within the Sixth Circuit have regularly enforced contractual three-year limitations on insurance and benefits suits. *See, e.g.*, *Rice*, 578 F.3d at 454; *Clark v. NBD Bank, N.A.*, 3 F. App'x 500, 504 (6th Cir. 2001); *Park v. Unum Life Ins. Co. of Am.*, 702 F. Supp. 2d 934, 941 (E.D. Tenn. 2010). Instead, he argues that (1) the Defendants' interpretation of the limitations provision is incorrect; (2) if the Defendants' interpretation is correct, the provision is unreasonable and must not be enforced; or (3) if the provision is enforceable, he is nevertheless entitled to equitable tolling of the limitations period. The Court will examine each argument in turn.

With respect to Touqan's first argument, the parties agree that the Plan terms required him to (1) submit proof of disability within three months following the close of the 180-day elimination period; and (2) commence any litigation within three years "after proof of [d]isability must be filed." (Admin. Rec. at 25). Courts within the Sixth Circuit have routinely held that such provisions, in combination, require a suit to be filed within three years and 270 days of the commencement of the disability. *E.g.*, *Longazel v. Fort Dearborn Life Ins. Co.*, 363 F. App'x 365, 367 (6th Cir. 2010); *Rice*, 578 F.3d at 456. However, Touqan attempts to distinguish these cases by arguing that the Plan terms here at issue establish that the three-month requirement refers to only the initial proof of disability, and that the three-year period of contractual limitation does not begin to run until no further "proof of continuing disability" could be submitted; i.e. the date of final denial on February 22, 2008. (Pl.'s Resp. Br. at 7).

4

However, the language of the Plan provisions contradicts this argument. The Plan provides that proof of disability must be provided within three months of the end of the elimination period. A *separate* section of the Plan provides that a claimant must provide "any other items we may reasonably require in support of [his] [d]isability" - and it is these "other items" that are defined to include "proof of continuing [d]isability." (Admin. Rec. 24). Thus, Touqan's claim that the requirement to provide proof of continuing disability somehow alters the timeline set out in the "proof of disability" section is unavailing.

Touqan also submits that language in the Plan which makes reference to the viability of "claims submitted eighteen months after the date of [d]isability" and a "one (1) year period in which to 'give proof of [d]isability'" demonstrates that the three year contractual limitations period began later than the Defendants suggest. (Pl.'s Resp. Br. at 3). This contention ignores the context in which these provisions appear, which accounts for late claims if extraordinary circumstances prevent the timely submission of proof. As Touqan has presented no extraordinary circumstances here, the Court finds no reason to consider this portion of the contract.

In light of Sixth Circuit precedent, the plain language of the Plan terms, and the discretionary authority vested in the Defendants, the Court concludes that the Defendants' interpretation of the Plan is correct.

Touqan next argues that if the Defendants' interpretation is correct, the provision is unreasonable and should be replaced with a three-year period of limitation beginning at the time of final denial, February 22, 2008.[2] However, Sixth Circuit precedent binds this Court and

---

[2] It is unclear why Touqan seeks to replace the contractually-agreed terms with a three-year period of limitation. If this Court determined that these terms were unreasonable, it would substitute the six-year statute of limitations that applies to contract actions in Michigan. Mich. Comp. Laws § 600.5807; *see also Schaefer v. AXA Equitable Life Ins. Co.*, 345 F. App'x 87, 93

forecloses such an argument. The court has repeatedly upheld contractual limitations very similar to the one under consideration:

> We have previously recognized that the time at which a proof of claim is required may trigger the start of a limitations period in ERISA cases. . . . The limitations provision in the Plan was triggered on the date the proof of claim was required, which itself depends on the date on which the elimination period began . . . Thus, his proof of claim was due . . . ninety days after the elimination period had ended. . . .

*Longazel*, 363 F. App'x at 367-68 (citations omitted); *see also Clark*, 3 F. App'x at 503. Similarly, in *Rice*, 578 F.3d at 455, the court not only upheld a contractual limitation identical to the one in the instant case, but also cautioned against "ignoring the plain language of the contract . . . [which would be] contrary to our court's principle of upholding contracts between parties when the terms are reasonable." Thus, the Court rejects the argument that the provision is unreasonable.[3]

Finally, Touqan submits that equitable tolling should apply. In considering this argument, the Court weighs the following factors:

> (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness [in] remaining ignorant of the notice requirement.

---

(6th Cir. 2009) ("[I]n Michigan, [w]hen interpreting insurance contracts, standard contract laws apply. . . . [T[he Michigan breach of contract statute of limitations is six years." (citations and internal quotation marks omitted)); *Nolan v. Aetna Life Ins. Co.*, 588 F. Supp. 1375, 1378-79 (E.D. Mich. 1984) (three-year contractual limitations period required by the Michigan Insurance Code, Mich. Comp. Laws § 500.3422, is not most analogous state statute of limitations because it is not a statute of limitations at all; instead, six-year state statute of limitations for contract actions applies).

[3] To the extent that Touqan asserts he has a good faith basis for a modification or reversal of this body of precedent, he must seek his relief from the Sixth Circuit.

*Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 469 (6th Cir. 2003) (citations and internal quotation marks omitted). The Defendants argue that in light of the decision of the Supreme Court in *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), only diligence in pursuit of one's rights and the existence of extraordinary circumstances should be considered. (Defs.' Reply Br. at 4). However, *Pace* involved a habeas corpus claim, and, after *Pace*, the Sixth Circuit has continued to apply the five-factor test in non-habeas cases. *See, e.g.*, *Taylor v. Donahoe*, 452 F. App'x 614, 618 (6th Cir. 2011) (applying five-factor test in Title VII and Rehabilitation Act context); *Dixon v. Gonzales*, 481 F.3d 324, 331 (6th Cir. 2007) (Title VII). *But see Rice*, 578 F.3d at 457 (applying *Pace* in ERISA context). Because Touqan cannot prevail under even the more forgiving five-factor standard, the Court need not decide whether the more rigorous *Pace* standard should apply to this claim.

In support of equitable tolling, Touqan asserts that the Defendants failed to provide sufficient information on "relevant time periods" regarding the appeal process. (Pl.'s Resp. Br. at 13). He also alleges that language in the Defendants' Summary Plan Description is misleading, as it states that the contractual appeals process must be exhausted before an ERISA claim can be brought but fails to inform him of the "relevant time limit" to bring suit. *Id.* Lastly, he asserts that the requirement that he produce continuing proof of disability was misleading in that it obscured the actual date upon which the limitation period began to run. *Id.* at 13-14.

On February 22, 2008, the Defendants informed Touqan that his appeal had been rejected, that the decision was final, and that he had the right to bring a suit under ERISA. (Admin. Rec. at 351). This satisfied their obligations under the contract to inform him of his rights, and provided him with a definite, clear decision and notice that his appeals process was exhausted. Furthermore, even if the Summary Plan Description did not specify the relevant time

7

limitations, he had constructive notice of the filing deadlines because he was informed of his ability to obtain a copy of the Plan at any time. *See Clark*, 3 F. App'x at 504. The Court has previously rejected his claim that the possibility of having to provide proof of continuing disability somehow affects - or would even appear to affect - the triggering of the limitations period 270 days after the commencement of disability.

Touqan argues that the application of the contractual limitation period could work an injustice by eliminating a plaintiff's right to sue before his claim becomes ripe or by failing to inform a plaintiff of his right to sue until after the limitation period has been exhausted. (Pl.'s Resp. Br. at 11). The contract at issue in *Rice* included a fail-safe provision which deems an employee's application for benefits to be denied if no response is received from the insurance provider within ninety days, thus preventing the contractual period of limitation from expiring before the employee knew that his application had been denied. The Plan here at issue has no such fail-safe measure, thus introducing the potential for abuse if MetLife failed to respond promptly to a request for benefits, thereby exhausting the employee's period of limitation without his knowledge. However, this is not sufficient to deem the contractual limitations period unreasonable. *See Holder v. Lowe's Long Term Disability Plan*, No. 2:09-CV-198, 2010 WL 419983, at *2-3 (E.D. Tenn. Jan. 28, 2010) (three-year period of limitations was reasonable despite lacking fail-safe provision). If, by a delayed response, the Defendants had unfairly stripped Touqan of sufficient time to file suit between the final denial and the expiration of his contractual period of limitations, the case would be suitable for equitable tolling. Inasmuch as no evidence of an unfair or unreasonable delay has been adduced and Touqan had over five months to file suit, the Court perceives no reason to toll the period of limitations due to the absence of a fail-safe provision.

Touqan has failed to identify any other facts which might support equitable tolling of the contractual time limitation. His failure to request a copy of the Plan and failure to bring suit until the last day that he (incorrectly) believed viable demonstrates to the Court that he was not diligent in pursuing his claim. The Court thus holds that equitable tolling is not appropriate in this case.

IV.

For the reasons that have been set forth above, the Defendants' motion to dismiss (ECF 13) is granted.

IT IS SO ORDERED.

Date: August 14, 2012        s/Julian Abele Cook, Jr.
                             JULIAN ABELE COOK, JR.
                             U.S. District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 14, 2012.

                             s/ Kay Doaks
                             Case Manager